**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-2245**

―――――――――

GERALD D. FORREST,

Plaintiff - Appellant,

versus

TRANSIT MANAGEMENT OF CHARLOTTE, INCORPORATED;
MCDONALD MANAGEMENT, d/b/a Charlotte Area
Transit, Subsidiary of Transit Management of
Charlotte,

Defendants - Appellees,

and

DAVID H. HINES; SCOTT CROMER-COLBURN,

Defendants.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Senior
District Judge. (3:03-cv-00605)

―――――――――

Submitted: July 11, 2007          Decided: August 15, 2007

―――――――――

Before MICHAEL, KING, and SHEDD, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Gerald D. Forrest, Appellant Pro Se.  John Brem Smith, SMITH LAW
FIRM, PC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald D. Forrest appeals from the district court's order granting judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a), to his former employer, Transit Management of Charlotte ("Transit Management"). Forrest, who is African-American, filed an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (2000), alleging that Transit Management engaged in racial discrimination in the enforcement of employee disciplinary measures. The district court granted judgment to Transit Management on the ground that Forrest had failed to provide any evidence of a sufficiently similar incident involving an employee outside of the protected class who was disciplined in a less severe manner. Finding no error, we affirm.

This litigation has its genesis in an incident occurring in May 2003, in which Forrest, a supervisor, was involved in a physical altercation with another employee, Derrick Stallings. A few days later, Forrest was informed by Assistant General Manager Scott Cromer-Colburn that he had to resign or face termination, due to allegations that Forrest had assaulted Stallings. In his complaint, Forrest contended that he was simply attempting to defend himself from Stallings, and that no internal investigation or review was performed regarding this matter. Additionally, Forrest asserted that Transit Management gave "preferential treatment" to white employees, as he listed a number of examples

where white employees violated Transit Management's rules or policies but received less severe punishment.

On appeal, Forrest first contends that the district court erred in granting Transit Management's motion in limine. This court reviews a district court's ruling on a motion in limine for abuse of discretion. See Malone v. Microdyne Corp., 26 F.3d 471, 480 (4th Cir. 1994). To establish a prima facie case under Title VII, a plaintiff must demonstrate that his prohibited conduct was comparable in seriousness to the misconduct of other employees. See Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). To meet this burden, a plaintiff must provide evidence of prior employee incidents that were sufficiently similar "in light of the harm caused or threatened to the victim or society, and the culpability of the offender." Moore v. City of Charlotte, 754 F.2d 1100, 1107 (4th Cir. 1985).

Having reviewed the record in this case, we find that the district court did not abuse its discretion in granting Transit Management's motion in limine. While Forrest identified a number of employees who had allegedly engaged in various levels of misconduct, none of their actions rose to the level of assault on another employee. See Moore, 754 F.2d at 1107. Additionally, while Forrest did attempt to present testimony regarding an altercation between two non-supervisory employees, these individuals were not subject to the higher standard of performance

that was applicable to Forrest as a supervisor.  See Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992) (employees must be subject to same standards to be comparable).

Forrest's next claim is that the district court erred in granting judgment as a matter of law to Transit Management, as he asserts that he sufficiently established a prima facie case under Title VII.  This court reviews de novo the grant of a motion for judgment as a matter of law, Wheatley v. Wicomico County, 390 F.3d 328, 332 (4th Cir. 2004), and views the facts in the light most favorable to the nonmoving party.  Corti v. Storage Tech. Corp., 304 F.3d 336, 341 (4th Cir. 2002).  "Such a motion is properly granted if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof."  Wheatley, 390 F.3d at 332 (internal quotation marks and citation omitted); see Fed. R. Civ. P. 50(a)(1). "Judgment as a matter of law is proper only if 'there can be but one reasonable conclusion as to the verdict.'"  Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

The district court concluded Forrest failed to demonstrate he was treated differently from an employee outside of the protected class who engaged in misconduct comparable in seriousness.  The court found Forrest identified only one employee

who had been involved in a physical altercation and held a comparable supervisory position. However, at the time of that incident, the circumstances of which were less than clear, the offending employee had a different supervisor than Forrest. If different decision-makers are involved, employees are generally not similarly situated. See Plair v. E.J. Brach & Sons, Inc., 105 F.3d 343, 350 n.3 (7th Cir. 1997); see also Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997). Accordingly, because a different supervisor was involved in the incident that Forrest compares to his own, and Forrest failed to provide any evidence that would allow for an adequate comparison between the two decision-makers, we find the different outcomes of the two incidents unpersuasive. This is especially so in light of both the lack of clarity as to the facts of the prior confrontation and uncontradicted testimony indicating that disciplinary decisions were largely left to the discretion of each supervisor. See Jones v. Bessemer Carraway Med. Ctr., 137 F.3d 1306, 1312 n.7 (11th Cir.), modified on reh'g, 151 F.3d 1321 (11th Cir. 1998). Therefore, we find that the district court did not err in granting judgment as a matter of law in favor of Transit Management.

Finally, Forrest asserts that he was not convicted of any criminal offense for his altercation with Stallings and that Transit Management did not perform a thorough investigation, instead basing their decision on assumptions and stereotypes.

However, at trial, Forrest presented no evidence regarding his altercation, as none of the individuals who testified actually witnessed the incident or were involved in the subsequent investigation. Therefore, we find Forrest's claim is without merit.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED